1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2   Including Professional Corporations
   JOSEPH F. COYNE, JR., Cal. Bar No. 93707
3  jcoyne@sheppardmullin.com
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
4  bblackman@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4109
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947

7  Attorneys for Defendant LENOVO (UNITED STATES) INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARHANA HUQ; JOSETTE MOLLOY; CREATING ECONOMIC OPPORTUNITIES FOR WOMEN, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SANYO NORTH AMERICA CORPORATION; LENOVO (UNITED STATES) INC.; INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendants. | Case No. C08-02614 JCS <br><br> **ANSWER OF DEFENDANT LENOVO (UNITED STATES) INC.** |

-1-

W02-WEST:5BB\400855117.1                                                    ANSWER

Defendant Lenovo (United States) Inc. ("Lenovo") alleges:

1. Lenovo admits that plaintiffs have filed a compliant alleging causes of action against Sanyo North America Corporation, Lenovo and other defendants. Lenovo denies any remaining allegations of paragraph 1 for lack of information sufficient to form a belief.

2. Lenovo admits that plaintiffs' Complaint is four pages long.

3. Lenovo denies the allegations of paragraph 3 for lack of information sufficient to form a belief.

4. Lenovo admits that it is a Delaware corporation. Except as expressly admitted, Lenovo denies the remaining allegations of paragraph 5 for lack of information sufficient to form a belief.

5. Lenovo denies the allegations of paragraph 6 for lack of information sufficient to form a belief.

6. Lenovo admits that venue is appropriate in the Northern District of California. Except as expressly admitted, Lenovo denies the allegations of paragraph 8.

7. Lenovo admits plaintiffs attached the form "cause of action – product liability" to their Complaint. Except as expressly admitted, Lenovo denies the remaining allegations of paragraph 10 for lack of information sufficient to form a belief.

8. Lenovo denies the allegations of paragraph 11 for lack of information sufficient to form a belief.

9. Lenovo admits that this Court has subject matter jurisdiction over the alleged claims. Except as expressly admitted, Lenovo denies the remaining allegations of paragraph 13 for lack of information sufficient to form a belief.

10. Lenovo denies the allegations of paragraph 14 for lack of information sufficient to form a belief.

11. Lenovo denies the allegations of paragraph L-1 for lack of information sufficient to form a belief.

12. Lenovo denies the allegations of paragraph L-2.

13. Lenovo denies the allegations of paragraph L-3 for lack of information sufficient to form a belief.

14. Lenovo admits that it sells laptop computers and related equipment, including batteries. Lenovo specifically denies the allegations that it manufactured or assembled the product, and that it manufactured component parts supplied to the manufacturer. Lenovo denies the remaining allegations of paragraph L-4 for lack of information sufficient to form a belief.

15. Lenovo specifically denies the allegations of paragraph L-5 as to itself. Lenovo denies the remaining allegations of paragraph L-5 for lack of information sufficient to form a belief.

16. Lenovo denies the allegations of paragraph L-6 for lack of information sufficient to form a belief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim upon which the Court may grant relief.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiffs have failed to mitigate their damages, if any.

### THIRD AFFIRMATIVE DEFENSE

(Statutes of Limitation)

Plaintiffs' claims are barred by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

(Comparative Negligence - Plaintiff)

Plaintiffs' damages and injury, if any, were wholly or in part due to plaintiffs' own negligence, acts or omissions. Plaintiffs' alleged right to recovery, if any, must be reduced by that amount which the negligence, inaction, wrongdoing or fault of plaintiffs and/or their agents contributed to plaintiffs' alleged damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

(Comparative Negligence - Others)

Plaintiff's purported injuries or damages, if any, were proximately caused or contributed to, in whole or in part, by the negligence, inaction, wrongdoing or fault of persons or entities other than Lenovo, whether individual, corporate, associate or otherwise. Plaintiffs' alleged right to recover from Lenovo, if any, must be reduced by that amount which the negligence, inaction, wrongdoing or fault of such persons and entities other than Lenovo contributed to plaintiff's alleged damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

(Apportionment of Liability)

Plaintiffs' recovery, if any, of non-economic damages should be limited to the percentage of fault, if any, attributable to Lenovo as provided in the Fair Responsibility Act of 1986, California Civil Code Sections 1430 through 1432.

## SEVENTH AFFIRMATIVE DEFENSE

(Intervening Cause and Modification)

If plaintiffs have sustained any injuries or incurred any damages, such injuries and damages were the result of intervening or superseding events, factors, occurrences, modifications or conditions, which were in no way caused by Lenovo and for which Lenovo is not responsible or liable.

## EIGHTH AFFIRMATIVE DEFENSE

(Reasonable Justification)

Plaintiffs' claims are barred because Lenovo's conduct was reasonable, based upon independent and legitimate, business and economic justifications, without the purpose, intent or effect of injuring plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

(State of the Art)

Plaintiffs' claims are barred, in whole or in part, because any products sold by Lenovo are, and always have been, consistent with the available technological, scientific, and industrial state-of-the-art.

### TENTH AFFIRMATIVE DEFENSE

(Release, Accord & Satisfaction, Waiver and Estoppel)

Plaintiffs' claims are barred in whole or in part by the doctrines of release, accord and satisfaction, waiver and/or estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

(Privity)

Plaintiffs' breach of warranty claims are barred because no privity of contract exists between Lenovo and plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Plaintiffs may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

### PRAYER FOR RELIEF

Lenovo prays for entry of judgment in its favor and against Plaintiffs as follows:

1. That the Complaint be dismissed with prejudice;
2. That Plaintiffs take nothing by way of the Complaint;
3. That Lenovo recover its costs and disbursement; and
4. For such other and further relief as this Court deems just and proper.

1 | Dated: May 30, 2008

2 |           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4 |     By       /s/ Brian Blackman

               JOSEPH F. COYNE
5 |                BRIAN R. BLACKMAN
               Attorneys for Defendant
6 |              LENOVO (UNITED STATES) INC.