1  Sharon C. Collier (Bar No. 203450)
   scollier@archernorris.com
2  ARCHER NORRIS
   2033 North Main Street, Suite 800
3  PO Box 8035
   Walnut Creek, CA 94596-3728
4  Telephone:    925.930.6600
   Facsimile:    925.930.6620
5
   Attorneys for Defendant
6  INTERNATIONAL BUSINESS MACHINES
   CORPORATION
7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | FARHANA HUQ; JOSETTE MOLLOY; CREATING ECONOMIC OPPORTUNITIES FOR WOMEN, INC., | Case No. C08-02614 JCS |
|----|---|---|
| 12 | | **ANSWER OF DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION AND DEMAND FOR JURY TRIAL** |
| 13 | Plaintiffs, | |
| 14 | v. | |
| 15 | SANYO NORTH AMERICA CORPORATION; LENOVO (UNITED STATES) INC.; INTERNATIONAL BUSINESS MACHINES CORPORATION, | |
| 18 | Defendants. | |

19

20        Defendant International Business Machines Corporation ("IBM") alleges:

21        1.    IBM admits that plaintiffs have filed a complaint alleging causes of action against

22 Sanyo North America Corporation, Lenovo (United States) Inc. and other defendants. There are

23 no other allegations in paragraph 1 of the Complaint.

24        2.    In answering paragraph 2 of the Complaint, IBM admits that plaintiffs' Complaint

25 is four pages long.

26        3.    IBM denies the allegations of paragraph 3 for lack of information sufficient to

27 form a belief.

28        4.    There are no allegations asserted in paragraph 4 of the Complaint.

5. IBM admits that it is a corporation. Except as expressly admitted, IBM denies the remaining allegations of paragraph 5 for lack of information sufficient to form a belief.

6. IBM denies the allegations of paragraph 6 for lack of information sufficient to form a belief.

7. There are no allegations asserted in paragraph 7 of the Complaint.

8. IBM admits that venue is appropriate in the Northern District of California. Except as expressly admitted, IBM denies the allegations of paragraph 8.

9. There are no allegations asserted in paragraph 9 of the Complaint.

10. IBM admits plaintiffs attached the form "cause of action – product liability" to their Complaint. IBM denies the allegations of paragraphs L-2, L-5, and L-6. IBM denies the remaining allegations of paragraph 10 for lack of information sufficient to form a belief.

11. IBM denies the allegations of paragraph 11 for lack of information sufficient to form a belief.

12. There are no allegations asserted in paragraph 12 of the Complaint.

13. In answering paragraph 13 of the Complaint, IBM admits that this Court has subject matter jurisdiction over the alleged claims.

14. There are no allegations asserted in paragraph 14 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

*(Failure to State a Claim)*

Plaintiffs' Complaint fails to state a claim upon which the Court may grant relief.

### SECOND AFFIRMATIVE DEFENSE
*(No Defect)*

The product manufactured by this Defendant, which plaintiffs allege was involved in the accident that is the subject of this action, was not defective.

//

//

### THIRD AFFIRMATIVE DEFENSE

*(Failure to Mitigate)*

Plaintiffs have failed to mitigate their damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

*(Statutes of Limitation)*

Plaintiffs' claims are barred by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

*(Comparative Negligence - Plaintiffs)*

Plaintiffs' damages and injury, if any, were wholly or in part due to plaintiffs' own negligence, acts or omissions. Plaintiffs' alleged right to recovery, if any, must be reduced by that amount which the negligence, inaction, wrongdoing or fault of plaintiffs and/or their agents contributed to plaintiffs' alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

*(Comparative Negligence - Others)*

Plaintiffs' purported injuries or damages, if any, were proximately caused or contributed to, in whole or in part, by the negligence, inaction, wrongdoing or fault of persons or entities other than IBM, whether individual, corporate, associate or otherwise. Plaintiffs' alleged right to recover from IBM, if any, must be reduced by that amount which the negligence, inaction, wrongdoing or fault of such persons and entities other than IBM contributed to plaintiffs' alleged damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

*(Apportionment of Liability)*

Plaintiffs' recovery, if any, of non-economic damages should be limited to the percentage of fault, if any, attributable to IBM as provided in the Fair Responsibility Act of 1986, California Civil Code Sections 1430 through 1432.

### EIGHTH AFFIRMATIVE DEFENSE

*(Intervening Cause and Modification)*

If plaintiffs have sustained any injuries or incurred any damages, such injuries and

damages were the result of intervening or superseding events, factors, occurrences, modifications or conditions, which were in no way caused by IBM and for which IBM is not responsible or liable.

### NINTH AFFIRMATIVE DEFENSE

*(Reasonable Justification)*

Plaintiffs' claims are barred because IBM's conduct was reasonable, based upon independent and legitimate, business and economic justifications, without the purpose, intent or effect of injuring plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

*(State of the Art)*

Plaintiffs' claims are barred, in whole or in part, because any products sold, manufactured, and/or distributed by IBM are, and always have been, consistent with the available technological, scientific, and industrial state-of-the-art.

### ELEVENTH AFFIRMATIVE DEFENSE

*(Release, Accord & Satisfaction, Waiver and Estoppel)*

Plaintiffs' claims are barred in whole or in part by the doctrines of release, accord and satisfaction, waiver and/or estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

*(Unclean Hands)*

Plaintiffs' claims are barred in whole in part by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

*(Privity)*

Plaintiffs' breach of warranty claims are barred because no privity of contract exists between IBM and plaintiffs.

### FOURTEENTH AFFIRMATIVE DEFENSE

*(Speculative Damages)*

Plaintiffs may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

**PRAYER FOR RELIEF**

IBM prays for entry of judgment in favor and against Plaintiffs as follows:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiffs take nothing by way of the Complaint;

3. That IBM recover its costs and disbursement; and

4. For such other and further relief as this Court deems just and proper.

Dated: June 2, 2008                              ARCHER NORRIS

*/s/ Sharon C. Collier*

Sharon C. Collier
Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES CORPORATION

**DEMAND FOR JURY TRIAL**

Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION hereby demands a jury trial as provided by Rule 38(a) and (b) of the Federal Rules of Civil Procedure.

Dated: June 2, 2008

ARCHER NORRIS

*[signature]*

Sharon C Collier
Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES CORPORATION

**PROOF OF SERVICE**

I, Karen D. Tallman, declare:

I am a citizen of the United States and employed in Contra Costa County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2033 North Main Street, Suite 800, PO Box 8035, Walnut Creek, California 94596-3728. On June 2, 2008, I served a copy of the within document(s):

**ANSWER TO DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION AND DEMAND FOR JURY TRIAL**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Walnut Creek, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed UPS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a UPS agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Charles Geerhart, Esq.
Paoli & Geerhart LLP
785 Market St., Suite 1150
San Francisco, CA 94103
Phone: 415.498.2101
*Attorneys for Plaintiffs*
BY MAIL

Joseph F. Coyne, Jr., Esq.
Brain R. Blackman, Esq.
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Phone: 415.434.9100
Fax: 415.434.3947
BY E-MAIL:
jcoyne@sheppardmullin.com and
bblackman@shappardmullin.com
*Attorneys for Lenovo (United States) Inc.*

AIGC042/663211-1                                                PROOF OF SERVICE

Mark Cokee, Esq.
525 Market Street, 17th Floor
San Francisco, CA  94105-2725
Phone: 415.433.0990
Fax: 415.434.1370
BY MAIL

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 2, 2008, at Walnut Creek, California.

*Karen Tallman* (signature)

Karen D. Tallman