1  DONALD P. EICHHORN    (State Bar No. 139863)
   MARK L. COKEE    (State Bar No. 225818)
2  **WILSON, ELSER, MOSKOWITZ,**
       **EDELMAN & DICKER LLP**
3  525 Market Street, 17th Floor,
   San Francisco, CA 94105-2725
4  Telephone: 415.433.0990
   Facsimile: 415.434.1370
5
   Attorneys for Defendant
6  SANYO ENERGY (U.S.A.) CORPORATION
7
8              UNITED STATES DISTRICT COURT
9             NORTHERN DISTRICT OF CALIFORNIA
10

11  FARHANA HUQ; JOSETTE MOLLOY;          )  Case No. C08-02614 JCS
    CREATING ECONOMIC OPPORTUNITIES FOR   )
12  WOMEN, INC.,                          )  DEFENDANT SANYO ENERGY (U.S.A.)
                                          )  CORPORATION'S ANSWER TO
13                      Plaintiffs,       )  PLAINTIFFS' COMPLAINT
                                          )
14          vs.                           )
                                          )
15  LENOVO (UNITED STATES) INC.;          )
    INTERNATIONAL BUSINESS MACHINES       )
16  CORPORATION; SANYO ELECTRIC CO., LTD.;)
    SANYO ELECTRONIC DEVICE (U.S.A.)      )
17  CORPORATION; SANYO ENERGY (U.S.A.)    )
    CORPORATION                           )
18                                        )
                        Defendant.        )
19  _____)

20          Defendant SANYO ENERGY (U.S.A.) CORPORATION (hereinafter "Defendant"), by and

21  through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby

22  answers Plaintiffs' Amended Complaint, filed April 21, 2008, as follows:

23          1.      In response to paragraph 1, Defendant admits that Plaintiffs have filed a complaint

24  alleging causes of action against defendants Sanyo North America Corporation, Lenovo (United

25  States) Inc. and other defendants.  Except as expressly admitted, Defendant denies each and every

26  allegation set forth in that paragraph because Defendant is without sufficient knowledge and

27  information to form a belief as to the truth of those allegations.

28

367667.1

2.      In response to paragraph 2, Defendant admits that Plaintiffs' complaint is four pages long.  Except as expressly admitted, Defendant denies each and every allegation set forth in that paragraph because Defendant is without sufficient knowledge and information to form a belief as to the truth of those allegations.

3.      In response to paragraph 3, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in the paragraph, and by not responding to those allegations, Defendant denies each and every allegation set forth therein.

4.      In response to paragraph 4, this paragraph contains no allegations and/or no charging allegations with regard to this Defendant, and therefore requires no answer.  Insofar as this paragraph can be said to contain allegations and/or charging allegations with regard to this Defendant, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in this paragraph, and by not responding to these allegations, Defendant denies each and every allegation set forth therein.

5.      In response to paragraph 5, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in this paragraph, and by not responding to those allegations, Defendant denies each and every allegation set forth therein.

6.      In response to paragraph 6, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in the paragraph, and by not responding to those allegations, Defendant denies each and every allegation set forth therein.

7.      In response to paragraph 7, this paragraph contains no allegations and/or no charging allegations with regard to this Defendant, and therefore requires no answer.  Insofar as this paragraph can be said to contain allegations and/or charging allegations with regard to this Defendant, Defendant is without sufficient knowledge and information to form a belief as to the

truth of the allegations set forth in this paragraph, and by not responding to these allegations, Defendant denies each and every allegation set forth therein.

8.     In response to paragraph 8, Defendant admits that venue is proper in the U.S. District Court for the Northern District of California.  Except as expressly admitted, Defendant denies each and every allegation set forth in that paragraph because Defendant is without sufficient knowledge and information to form a belief as to the truth of those allegations.

9.     In response to paragraph 9, this paragraph contains no allegations and/or no charging allegations with regard to this Defendant, and therefore requires no answer.  Insofar as this paragraph can be said to contain allegations and/or charging allegations with regard to this Defendant, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in this paragraph, and by not responding to these allegations, Defendant denies each and every allegation set forth therein.

10.    In response to paragraph 10, Defendant admits that Plaintiffs attached the form "First Cause of Action – Products Liability" to their complaint.  Except as expressly admitted, Defendant denies each and every allegation set forth in that paragraph because Defendant is without sufficient knowledge and information to form a belief as to the truth of those allegations.  In response to paragraph Prod. L-1 of the form, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in the paragraph, and by not responding to those allegations, Defendant denies each and every allegation set forth therein.  In response to paragraph Prod. L-2 of the form, Defendant denies each and every allegation set forth therein.  In response to paragraph Prod. L-3 of the form, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in the paragraph, and by not responding to those allegations, Defendant denies each and every allegation set forth therein.  In response to paragraph Prod. L-4 of the form, Defendant is without sufficient knowledge and information to form a belief as

to the truth of the allegations set forth in the paragraph, and by not responding to those allegations, Defendant denies each and every allegation set forth therein.  In response to paragraph Prod. L-5 of the form, Defendant denies each and every allegation set forth therein.  Insofar as paragraph Prod. L-5 concerns other Defendants in this lawsuit, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in the paragraph, and by not responding to those allegations, Defendant denies each and every allegation set forth therein.  In response to paragraph Prod. L-6 of the form, Defendant denies each and every allegation set forth therein.  Insofar as paragraph Prod. L-6 concerns other Defendants in this lawsuit, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in the paragraph, and by not responding to those allegations, Defendant denies each and every allegation set forth therein.  In response to paragraph Prod. L-7 of the form, this paragraph contains no allegations and/or no charging allegations with regard to this Defendant, and therefore requires no answer.  Insofar as this paragraph can be said to contain allegations and/or charging allegations with regard to this Defendant, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in this paragraph, and by not responding to these allegations, Defendant denies each and every allegation set forth therein.

    11.     In response to paragraph 11, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in the paragraph, and by not responding to those allegations, Defendant denies each and every allegation set forth therein.

    12.     In response to paragraph 12, this paragraph contains no allegations and/or no charging allegations with regard to this Defendant, and therefore requires no answer.  Insofar as this paragraph can be said to contain allegations and/or charging allegations with regard to this Defendant, Defendant is without sufficient knowledge and information to form a belief as to the

4

367667.1

truth of the allegations set forth in this paragraph, and by not responding to these allegations, Defendant denies each and every allegation set forth therein.

13.    In response to paragraph 13, Defendant admits that this Court has subject matter jurisdiction over the alleged claims.  Except as expressly admitted, Defendant denies each and every allegation set forth in that paragraph because Defendant is without sufficient knowledge and information to form a belief as to the truth of those allegations.

14.    In response to paragraph 14, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in the paragraph, and by not responding to those allegations, Defendant denies each and every allegation set forth therein.

15.    In response to paragraph 15, this paragraph contains no allegations and/or no charging allegations with regard to this Defendant, and therefore requires no answer.  Insofar as this paragraph can be said to contain allegations and/or charging allegations with regard to this Defendant, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in this paragraph, and by not responding to these allegations, Defendant denies each and every allegation set forth therein.

<u>AFFIRMATIVE DEFENSES</u>

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs' complaint fails to state a claim upon which the court may grant relief.

SECOND AFFIRMATIVE DEFENSE

(No Defect)

The product, which Plaintiffs allege was involved in the accident and which is the subject of this action, was not defective.

THIRD AFFIRMATIVE DEFENSE

367667.1

(Failure to Mitigate)

Plaintiffs have failed to mitigate their damages, if any.

FOURTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

Plaintiffs' claims are barred by the applicable statutes of limitation.

FIFTH AFFIRMATIVE DEFENSE

(Comparative Negligence - Plaintiffs)

Plaintiffs' damages and injury, if any, were wholly or in part due to Plaintiffs' own negligence, acts or omissions. Plaintiffs' alleged right to recovery, if any, must be reduced by that amount which the negligence, inaction, wrongdoing or fault of Plaintiffs and/or its agents contributed to Plaintiffs' alleged damages, if any.

SIXTH AFFIRMATIVE DEFENSE

(Comparative Negligence - Others)

Plaintiffs' purported injuries or damages, if any, were proximately caused or contributed to, in whole or in part, by the negligence, inaction, wrongdoing or fault of persons or entities other than Defendant, whether individual, corporate, associate or otherwise. Plaintiffs' alleged right to recover from Defendant, if any, must be reduced by that amount, which the negligence, inaction, wrongdoing or fault of such persons and entities other than Defendant contributed to Plaintiffs' alleged damages, if any.

SEVENTH AFFIRMATIVE DEFENSE

(Apportionment of Liability)

Plaintiffs' recovery, if any, of non-economic damages should be limited to the percentage of fault, if any, attributable to Defendant as provided in the Fair Responsibility Act of 1986, California Civil Code Sections 1430 through 1432.

6

EIGHTH AFFIRMATIVE DEFENSE

(Intervening Cause and Modification)

If Plaintiffs have sustained any injuries or incurred any damages, such injuries and damages were the result of intervening or superseding events, factors, occurrences, modifications or conditions, which were in no way caused by Defendant and for which Defendant is not responsible or liable.

NINTH AFFIRMATIVE DEFENSE

(Reasonable Justification)

Plaintiffs' claims are barred because Defendant's conduct was reasonable, based upon independent and legitimate, business and economic justifications, without the purpose, intent or effect of injuring Plaintiffs.

TENTH AFFIRMATIVE DEFENSE

(State of the Art)

Plaintiffs' claims are barred, in whole or in part, because any products sold by Defendant are, and always have been, consistent with the available technological, scientific, and industrial state-of-the-art.

ELEVENTH AFFIRMATIVE DEFENSE

(Release, Accord & Satisfaction, Waiver and Estoppel)

Plaintiffs' claims are barred in whole or in part by the doctrines of release, accord and satisfaction, waiver and/or estoppel.

TWELFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

THIRTEENTH AFFIRMATIVE DEFENSE

7

367667.1

(Privity)

Plaintiffs' breach of warranty claims are barred because no privity of contract exists between Defendant and Plaintiffs.

FOURTEENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Plaintiffs may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

FIFTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Amend)

Defendant alleges that it may have other, additional defenses of which it is not presently aware and hereby reserve its right to assert such defenses by amendment to this answer.

PRAYER FOR RELIEF

Wherefore, Defendant SANYO ENERGY (U.S.A.) CORPORATION prays for judgment in its favor and against Plaintiffs as follows:

1.    That Plaintiffs take nothing from the Complaint and that the Complaint is dismissed with prejudice.

2.    That Defendant recovers its costs and reasonable attorneys' fees.

3.    For such other and further relief as the court deems just and equitable.

Dated: July 31, 2008                           WILSON, ELSER, MOSKOWITZ,
                                               EDELMAN & DICKER LLP


                               By:   /s/ Mark L. Cokee
                                     DONALD P. EICHHORN
                                     MARK L. COKEE
                                     Attorneys for Defendants
                                     SANYO ENERGY (U.S.A.)
                                      CORPORATION

8

1

2  DONALD P. EICHHORN    (State Bar No. 139863)
   MARK L. COKEE    (State Bar No. 225818)
3  **WILSON, ELSER, MOSKOWITZ,**
      **EDELMAN & DICKER LLP**
4  525 Market Street, 17th Floor,
   San Francisco, CA 94105-2725
5  Telephone: 415.433.0990
   Facsimile: 415.434.1370

6  Attorneys for Defendant
   SANYO ENERGY (U.S.A.) CORPORATION
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11
   FARHANA HUQ; JOSETTE MOLLOY;          )  Case No. C08-02614 JCS
12 CREATING ECONOMIC OPPORTUNITIES FOR   )
   WOMEN, INC.,                          )  CERTIFICATE OF SERVICE
13                                        )
                         Plaintiffs,      )  RE:  DEFENDANT SANYO ENERGY
14                                        )  (U.S.A.) CORPORATION'S ANSWER TO
            vs.                           )  PLAINTIFFS' COMPLAINT
15                                        )
   LENOVO (UNITED STATES) INC.;          )
16 INTERNATIONAL BUSINESS MACHINES       )
   CORPORATION; SANYO ELECTRIC CO., LTD.;)
17 SANYO ELECTRONIC DEVICE (U.S.A.)      )
   CORPORATION; SANYO ENERGY (U.S.A.)    )
18 CORPORATION                            )
                                          )
19 _____ Defendant.       )

20                    CERTIFICATE OF SERVICE

21        I HEREBY CERTIFY that on this date, a true and correct copy of the foregoing document

22 was duly served upon the following parties by CM/ECF:

23
                 Charles Geerhart
24               Paoli & Geerhart, LLP
                 785 Market Street Suite 1150
25               San Francisco, CA 94103

26               Attorney for Plaintiffs

27

28
                                        9

1    Joseph F. Coyne, Jr.
     Brian R. Blackman
2    Sheppard, Mullin, Richter & Hampton LLP
     Four Embarcadero Center, 17th Floor
3    San Francisco, California 94111-4109

4
     Attorneys for Defendant
5    LENOVO (UNITED STATES) INC.

6

7    Sharon C. Collier
     Archer Norris
8    2033 North Main Street, Suite 800
     P.O. Box 8035
9    Walnut Creek, CA 94596-3728

10
     Attorneys for Defendant
11   INTERNATIONAL BUSINESS MACHINES CORPORATION

12
     Dated: July 31, 2008                        WILSON, ELSER, MOSKOWITZ,
13                                                 EDELMAN & DICKER LLP

14
                                          By:   /s/ Mark L. Cokee
15                                              DONALD P. EICHHORN
                                                MARK L. COKEE
16                                              Attorneys for Defendants
                                                SANYO ENERGY (U.S.A.)
17                                               CORPORATION

18

19

20

21

22

23

24

25

26

27

28
                                     10